People v Saunders (2025 NY Slip Op 07103)

People v Saunders

2025 NY Slip Op 07103

Decided on December 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 18, 2025

Before: Webber, J.P., Gesmer, González, Pitt-Burke, Higgitt, JJ. 

Ind No. 2169/21|Appeal No. 5413|Case No. 2022-05406|

[*1]The People of the State of New York, Respondent,
v
Christian Saunders, Defendant-Appellant. 

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Ben A. Schatz of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Steven A. Levy of counsel), for respondent.

Judgment, Supreme Court, New York County (Melissa Jackson, J., at trial and sentencing), rendered November 9, 2022, as amended July 6, 2023, convicting defendant, after a jury trial, of criminally negligent homicide and leaving the scene of an incident without reporting causing death, and sentencing him to an aggregate prison term of three and two-thirds to eleven years, unanimously modified, on the facts, to the extent of vacating the conviction of criminally negligent homicide, dismissing that count and remanding for resentencing on the surviving count, and otherwise affirmed.
Defendant was charged with vehicular manslaughter in the second degree (Penal Law § 125.12[1]), criminally negligent homicide (Penal Law § 125.10), operating a motor vehicle while under the influence of drugs (Vehicle and Traffic Law § 1192[4]), and leaving the scene of an incident without reporting causing death (Vehicle and Traffic Law §§ 600[2][a], [2][c][ii]). At trial, the People presented evidence from both fact and expert witnesses intended to support their sole theory that defendant, while driving on the Henry Hudson Parkway under the influence of marijuana, struck and killed the decedent, who was walking on the shoulder of the road after his car became disabled. Although the court did not limit its instructions of negligent homicide to the impairment theory advanced by the People, the People did not present any facts or evidence that could plausibly support a finding of criminal negligence on any theory other than defendant's impaired driving due to his alleged marijuana consumption. The jury, however, acquitted defendant of both second-degree vehicular manslaughter and operating a motor vehicle while under the influence of drugs, obviously concluding that defendant was not impaired by drugs.
Criminally negligent homicide requires that "a defendant has engaged in some blameworthy conduct creating or contributing to a substantial and unjustifiable risk of death" (People v Boutin, 75 NY2d 692, 696 [1990]). We find that the guilty verdict on this charge was against the weight of the evidence, as a reasonable juror, having, as this jury did, rejected the People's theory that defendant was impaired by marijuana when he struck the decedent walking on the highway, could not otherwise have found defendant guilty of criminally negligent homicide (see People v Danielson, 9 NY3d 342, 348 [2007]).
The People's contention that the jury must have relied on an alternative theory that defendant was exhausted and distracted to the point of criminal negligence when he chose to drive that night was not advanced at trial. Having deprived defendant of an opportunity to defend against it, they are foreclosed from doing so now on appeal (see People v Barnes, 50 NY2d 375, 379 n 3 [1980]). In any event, the exhaustion theory is not factually supported by the weight of the evidence.
In light of this determination, we need not consider defendant's remaining arguments, including his excessive sentence claim. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 18, 2025